UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00159-GNS

WAYNE BRADLEY; and
JEANETTE LEE                                                                PLAINTIFFS

v.

D&B TRUCKS & EQUIPMENT, LLC;
and TCF NATIONAL BANK                                                      DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (DN 11). For the reasons discussed below, the motion is **GRANTED**.

### I.    BACKGROUND

This is a contract dispute arising out of the manufacture and sale of a custom Peterbilt road tractor (the "Truck"). In fall 2015, Plaintiffs Wayne Bradley ("Bradley") and Jeanette Lee ("Lee"), domestic partners, contracted with Defendant D&B Trucks & Equipment, LLC ("D&B") to manufacture the Truck according to their specifications for the price of $168,750. (Compl. ¶¶ 14, 16, DN 1; Pls.' Resp. Mot. Dismiss 5, DN 15). D&B was to deliver the Truck to Plaintiffs sometime in March 2016. (Compl. ¶ 16).

Between December 2015 and March 2016, Plaintiffs paid D&B $60,000. (Compl. ¶¶ 17-18). In March 2016, Lee financed the remainder of the purchase price by obtaining a loan from Defendant TCF National Bank ("TCF"), evidenced by a promissory note (the "Note"). (*See* Compl. ¶ 19; Promissory Note, DN 12-1).[1] To secure payment of the Note, Lee entered into a security agreement granting TCF a security interest in the Truck "together with all attachments

---

[1] Bradley is not a party to the Note or Security Agreement. Apparently, Lee "was able to procure credit more readily, [so] she signed" the documents. (Pls.' Resp. Mot. Dismiss 5).

1

and accessories thereto" ( "Security Agreement"). (Security Agreement 1, DN 12-2). Both the Note and the Security Agreement contain choice-of-law and forum-selection clauses. (Promissory Note; Security Agreement 4). For example, the Note provides that "[t]his Note and all matters arising from this Note . . . shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, federal law and, to the extent not preempted by federal law, by the laws of the state of Minnesota[,]" and that "Debtor consents to the personal jurisdiction of the federal and state courts located in the state of Minnesota, waives any argument that such a forum is not convenient and agrees that any action relating to this Note shall be venued in Minnesota." (Promissory Note).[2]

Plaintiffs are apparently dissatisfied with the Truck and have refused to accept its delivery. (*See* Compl. ¶¶ 22-23). Due to Plaintiffs' refusal, Lee obtained neither marketable title to the Truck nor a certificate of title evidencing TCF's security interest in the Truck, as was required by the Security Agreement. (Def.'s Mem. Supp. Mot. Dismiss 2, DN 11 [hereinafter Def.'s Mot.]; Security Agreement 2). Accordingly, TCF declared Lee in default of the Note and Security Agreement and, on September 22, 2016, filed suit against Lee in Hennepin County District Court in Minnesota, alleging breach of contract and seeking replevin of the Truck. (Def.'s Mot. 3). On September 23, 2016, Plaintiffs filed the present action, alleging, *inter alia*, that "Defendants breached the Contract with Plaintiffs by failing to perform their obligation thereunder to manufacture, tender and deliver the truck conforming to the specifications in the Contract[,]" that "the Defendant TCF has colluded with the Defendant D&B to withhold and deter performance of the Contract[,]" and that "the Defendants, acting jointly, have breached

---

[2] The forum-selection clauses of the Note and Security Agreement are essentially identical. (*Compare* Promissory Note, *with* Security Agreement 4). The Court will refer to the clauses collectively as the "forum-selection clause."

their agreements with Plaintiffs." (Compl. ¶¶ 22, 24-25). Plaintiffs request a "judgment rescinding all contracts and agreements executed with Defendants" and damages. (Compl. 5).

TCF has moved the Court to dismiss it from this action under the doctrine of *forum non conveniens*. TCF argues that dismissal is appropriate because the forum-selection clause set out above requires Lee to bring her claims against it, if at all, in Minnesota. Plaintiffs have responded, and TCF has replied. The matter is ripe for adjudication.

## II. **JURISDICTION**

The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. **DISCUSSION**

The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (internal quotation marks omitted) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). As a result, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (internal quotation marks omitted) (quoting *Stewart*, 487 U.S. at 33 (same)). Such clauses are "prima facie valid" and "should be upheld absent a strong showing that [they] should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991))

A party may resist enforcement of a forum-selection clause only by showing "that enforcement would be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10

3

(citations omitted); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922 (6th Cir. 2014) (noting that "a party may always challenge the reasonableness of a forum selection clause."). In determining whether a forum-selection clause is enforceable, the Sixth Circuit considers: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citation omitted). Of course, "[t]he party opposing the forum selection cause bears the burden of showing that the clause should not be enforced." *Id.* (citation omitted).

Plaintiffs do not dispute the general validity of the forum-selection clause against Lee and have not seriously addressed any of the factors outlined above. Rather, they argue that the Court should ignore the clause for two reasons: (1) the forum-selection clause does not apply to this action and (2) Minnesota courts do not have personal jurisdiction over Bradley, who is a necessary and indispensable party under Fed. R. Civ. P. 19.

Plaintiffs contend that their claims against TCF fall outside the forum-selection clauses' broad terms because they concern "the failure of the joint enterprise of D&B and TCF colluding with one another to manufacture and tender a truck in conformity with the contract." (Pls.' Resp. Mot. Dismiss 3). They explain that the clause "would possibly apply if this were an action regarding a dispute as to the amount of interest or fees to be charged[,]" but it does not apply because "this is an action to recover money paid to the collusive enterprise of D&B and TCF." (Pls.' Resp. Mot. Dismiss 3).

Plaintiffs' position is untenable. Despite Plaintiffs' conclusory suggestion that TCF somehow colluded with D&B, any claims against TCF ultimately stem from TCF's lending

4

relationship with Lee.[3] TCF is not a party to the manufacturing agreement between D&B and Plaintiffs who reside in Massachusetts. TCF merely loaned Lee money pursuant to the Note/Security Agreement and would have no connection to this case had it not done so; there is no allegation that any funds were paid *to* TCF. Instead, Plaintiffs seek to recover from D&B the money borrowed *from* TCF under the Note. (*See* Compl. 5). Lee's claims against TCF relate to the Note and fall within the forum-selection clause. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (finding that plaintiff's claims were within the scope of forum selection clause because they all arose from the parties' contractual relationship).

While not raised by the parties, it does not appear that Bradley has standing to assert claims against TCF. "Article III standing is a jurisdictional requirement that cannot be waived, and . . . may be brought up at any time in the proceeding." *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 531 (6th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). As this Court has previously explained:

> In order to demonstrate Article III standing, a plaintiff must first alleged that he has suffered an injury that is (a) concrete and particularized, and (b) actual or

---

[3] In their opposition to TCF's motion, without citation to any legal authority, Plaintiffs explain TCF and D&B's so called "collusive enterprise" as follows:

> Upon information and belief, D&B is in a business relationship with Defendant TCF National Bank ("TCF") such that when D&B builds or sells a truck to a customer, it has an agreement with TCF to finance the payment for its sales through TCF. Under this relationship, D&B benefits by providing its customers with access to financing for purchasing its trucks, and TCF benefits by D&B providing it profitable loans and security interests in the trucks that D&B sells. When one of D&B's customers purchases a truck from D&B, D&B works in conjunction with TCF to provide financing to D&B's customers, requiring D&B's customers to sign a promissory note and security agreement through TCF without the customers ever having contact with TCF or any agent of TCF. These financial arrangements are made exclusively through and by representatives of D&B. This amounts to a collusive enterprise between D&B and TCF.

(Pls.' Resp. Mot. Dismiss 1-2).

imminent rather than conjectural or hypothetical. Second, the alleged injury must be fairly traceable to the defendant's conduct, and not be the result of the independent action of a third party. Third, the plaintiff must allege that a favorable federal court decision is likely to redress the alleged injury.

*Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612-R, 2008 WL 4000546, at *2 (W.D. Ky. Aug. 25, 2008) (internal citation omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When Lee obtained financing from TCF for the customization of the truck, Bradley was neither a party to the Note nor the Security Agreement with TCF. Thus, Bradley does not have standing to assert the claims articulated in the Complaint against TCF.[4]

The forum-selection clause is valid and enforceable. Neither of Plaintiffs' arguments against enforcement is persuasive; they have failed to meet their burden of showing that the forum-selection clause should not be enforced.

After having determined that the forum-selection clause is valid and enforceable, the next question is whether the clause should be enforced by dismissal or transfer. The Supreme Court has stated that "the appropriate way to enforce to a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const.*, 134 S. Ct. at 580. Seizing on this language, TCF based its motion to dismiss on *forum non conveniens*. In so

---

[4] Plaintiffs maintain that the Court cannot enforce the forum-selection clause and dismiss their claims against TCF because Bradley is a "necessary" party to the action that TCF filed in Minnesota state court and he is "indispensable" because Minnesota courts do not have jurisdiction over him. Fed. R. Civ. P. 19 addresses the circumstances where a party must be joined if joinder is feasible. 4 *Moore's Federal Practice*, § 19.02[1] (Matthew Bender 3d ed., rev. 2017). In this case, however, no one is trying to have this action dismissed because there is an indispensable absentee party. Instead, Plaintiffs appear to be forecasting that the Minnesota state court will dismiss the case TCF brought against Lee because Bradley is a necessary and indispensable party to it, which is of no concern to this Court. To the extent Bradley—who is not a party to the Note—has claims against TCF related to the Note, he has to assert those claims in a state or federal court in Minnesota. *See, e.g.*, *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984) ("[T]he cases hold that a range of transaction participants, parties and non-parties should benefit from and be subject to forum selection clauses." (citation omitted)). And, while TCF might not be able to sue Bradley in Minnesota, Bradley can certainly file suit against TCF there.

doing, TCF seemingly argues that *forum non conveniens* is the appropriate mechanism by which to effectuate the forum-selection clause because claims against TCF concerning the Note can be asserted in the suit it filed against Lee in Minnesota state court. The forum-selection clause, however, allows suit to be brought in either state or federal court in Minnesota.

Nevertheless, the Court concludes that dismissal is appropriate here. In *Smith v. Aegon Companies Pension Plan*, the plaintiff, relying on *Atlantic Marine*, argued that the district court abused its discretion in dismissing claims under Fed. R. Civ. P. 12(b)(6) that were subject to a valid forum-selection clause, rather than transferring them. *Smith*, 769 F.3d at 930-33. The Sixth Circuit disagreed. *Id.* at 934. It recognized *Atlantic Marine* held that Section 1404(a) transfer, rather than dismissal under Rule 12(b)(3) or 28 U.S.C. § 1406(a), is the appropriate mechanism through which to enforce a forum-selection clause pointing to another federal district court. As the court explained, however, *Atlantic Marine* did not involve a motion to dismiss pursuant to Rule 12(b)(6), and the Court there declined to extend its holding so far. *Id.* at 933-94 (citation omitted). As a result, the court held that the district court's dismissal pursuant to Rule 12(b)(6), when the plaintiff never sought transfer before the district court, was not an abuse of discretion. *Id.* Ultimately, *Smith* signals that in some cases it is more important to enforce a valid forum-selection clause than to quibble over exactly how it should be enforced.

This is one of those cases. Plaintiffs have not requested transfer instead of dismissal or even raised the issue of how to enforce the forum-selection clause in light of the fact that the written contracts permit claims relating to the Note to be brought in state or federal court in Minnesota. Moreover, federal and state courts in Minnesota are adequate forums in which Plaintiffs can pursue claims against TCF related to the Note, *see Wong*, 589 F.3d at 830-31, and the factors courts consider in determining whether to transfer a case under section 1404(a) or

dismiss for *forum non conveniens* favor TCF.[5] Given the strong federal preference for enforcing valid forum-selection clauses, *see id.* at 826; *Kurra v. Synergy Comput. Sols., Inc.*, No. 15-cv-13952-ADB, 2016 U.S. Dist. LEXIS 127248, at *22 (D. Mass. Sept. 19, 2016), TCF's motion will be granted.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 11) is **GRANTED**, and Plaintiffs' claims against TCF National Bank are **DISMISSED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
September 14, 2017

cc: counsel of record
      Wayne Bradley, *pro se*
      Jeanette Lee, *pro se*

---

[5] When there is a valid forum-selection clause, only the "public-interest factors" are considered. *Atl. Marine Const.*, 134 S. Ct. at 582. These factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law[,]" and will "rarely" carry the day in favor of the party opposing enforcement of a forum-selection clause. *Id.* at 581 n.6, 582. In this case, there is no concern over court congestion. Second, though the Truck is located in Kentucky, TCF and the Loan Documents that form the basis of the claims against TCF are located in Minnesota. Accordingly, this factor does not weigh significantly, if at all, in favor of Plaintiffs. Third, pursuant to the Loan Documents, federal and, to the extent not preempted, Minnesota law governs the rights and duties of TCF and Plaintiffs.